IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES NATHAN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02088 |
| ) | Judge Berg / Frensley |
| SONYA TROUTT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Correctional Officer Nathaniel Moore, the only remaining Defendant in this action.[1] Docket No. 36. Along with his Motion, Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 37), a "Concise Statement of Undisputed Material Facts" (Docket No. 38), excerpts from the Deposition of James Nathan Carter (Docket No. 36-1, "Plaintiff's Dep."), and the Jail surveillance video (Docket No. 36-2).

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Material Facts, nor has Plaintiff filed his own statement of undisputed facts.

Plaintiff, who at all times relevant to the case at bar was a pretrial detainee at the Sumner County Jail but who is currently housed at the Macon County Jail, filed this pro se, in forma pauperis action on August 9, 2016, alleging that Defendant Moore "pushed the dinner cart into

---

[1] In an Order entered by Judge Campbell on August 26, 2016, Sonya Troutt was terminated as a party in this action. Docket No. 7.

[his] right leg," "pinning [him] to the doorway," in retaliation for incidents that Defendant Moore had with Plaintiff's brother. Docket No. 1. Plaintiff avers that his right leg was cut and bruised in the incident and that his back has been hurting "ever since." *Id.* Plaintiff sues Defendant Moore in his individual and official capacities, and seeks $250,000 for "mental anguish and [his] personal punitive damages," as well as the firing of Defendant Moore. *Id.*

For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact and that Defendant Moore is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 36) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

## II. Undisputed Facts[2]

At all times relevant to the instant action, Plaintiff was a pretrial detainee at the Sumner County Jail. Plaintiff's Dep., p. 6:12-13; Docket No. 1. Plaintiff did not have any negative interactions with Defendant Moore either prior to, or after, the incident at issue, and Plaintiff does not know whether Defendant Moore pushed the cart into him intentionally. Plaintiff's Dep., p. 15:7-9, 18:16-19:2, 19:12-15, 19:20-21, 35:22-36:2, 42:1-3. In fact, Plaintiff believes that Defendant Moore was not being careful enough when steering the chow cart. *Id.* at 36:16-18.

Regarding Plaintiff's alleged ankle injury, Plaintiff suffered only a small bruise and a "small scrape . . . about a half-inch round," which "never really hurt," did not require any medical treatment beyond a band-aid and Neosporin, and did not prevent him from doing anything he normally did. *Id.* at 26:25, 37:11-18, 32:14-18, 38:14-16.

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

As to Plaintiff's alleged back injury, Plaintiff suffered no bruising or swelling and only had some muscle pain which prevented him from working out for, at most, a week. *Id.* at 27:1-4, 33:7-10, 38:6-11, 38:17-23. Plaintiff's back injury did not require any treatment beyond Ibuprofen and Naproxen, and completely resolved on or before September 4, 2017. *Id.* at 27:10-14, 29:21, 33:7-10.

Plaintiff did not have any negative conversations with Defendant Moore concerning Plaintiff's brother either prior to, or after, the incident at issue. *Id.* at 39:17-18.

### III. Law and Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant Moore filed the instant Motion on April 11, 2017. Docket No. 36. Plaintiff has failed to respond to Defendant Moore's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. . . .

3

. . .

> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant Moore's Concise Statement of Undisputed Material Facts or file his own Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant Moore is entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Defendant Moore's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden . . . The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant Moore has met his burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

4

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. 42 U.S.C. § 1983**

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D. The Case at Bar**

It is undisputed that Plaintiff did not have any negative interactions with Defendant Moore either prior to, or after, the incident at issue; that Plaintiff does not know whether Defendant Moore pushed the cart into him intentionally; and that Plaintiff, in fact, believes that

6

Defendant Moore was not being careful enough when he was steering the chow cart. Plaintiff's Dep., p. 15:7-9, 18:16-19:2, 19:12-15, 19:20-21, 35:22-36:2, 36:16-18, 42:1-3. It is further undisputed that Plaintiff did not have any negative conversations with Defendant Moore concerning Plaintiff's brother either prior to, or after, the incident at issue. *Id.* at 39:17-18.

Regarding Plaintiff's alleged injuries, it is undisputed that Plaintiff suffered only a small bruise and a "small scrape . . . about a half-inch round," on his ankle, which "never really hurt," did not require any medical treatment beyond a band-aid and Neosporin, and did not prevent him from doing anything he normally did. *Id.* at 26:25, 37:11-18, 32:14-18, 38:14-16. It is additionally undisputed that Plaintiff suffered no bruising or swelling to his back, but had some muscle pain which prevented him from working out for a week at most, that did not require any treatment beyond Ibuprofen and Naproxen; and which completely resolved on or before September 4, 2017. *Id.* at 27:1-4, 27:10-14, 29:21, 33:7-10, 38:6-11, 38:17-23.

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to establish that a violation of his Constitutional rights occurred, much less that Defendant Moore engaged in such violative conduct. Absent a Constituional violation, Plaintiff cannot prevail in this matter.

### IV. Conclusion

For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact and that Defendant Moore is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 36) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge